Upon the trial there was no evidence given of defendant's having (94) spoken the words laid in the first count; but several witnesses testified that they had heard defendant say "that Brady had burned three houses belonging to him (the defendant) in the nighttime." The houses alluded to and described by the defendant, in conversation with the witnesses, were erected on a piece of land belonging to the defendant and situated about 4 miles from his residence. They were log houses, on a small plantation, and had been occasionally occupied as a dwelling-house and kitchen by tenants, to whom the defendant let the land from year to year; they were burned down in the nighttime, but had not in any manner been used during that year; the plantation was untenanted, and fences thrown down. In all the conversations the defendant described *Page 40 
the houses burned as is herein stated, or the witness (as defendant knew) was acquainted with the situation. To one of the witnesses defendant said that he believed Brady's reason for burning the houses was to get one Chavers as his tenant the next year, and prevent his living on defendant's land.
On this evidence, defendant moved for a nonsuit. The judge, however, submitted the case to the jury, with leave to the defendant, in case plaintiff had a verdict, to move to set it aside and enter a nonsuit, if the words were not actionable. The jury found the defendant not guilty on the first count, but guilty on the second, and assessed damages at $5. Defendant moved for a nonsuit, and the court ordered a nonsuit, on the ground that, although the acts charged upon the plaintiff might flow from a wicked, and depraved heart, and involve great guilt in foroconscientioe, yet, inasmuch as the words did not impute to him any felony or other crime the temporal penalty of which would be legally infamous, the action at common law could not be supported. Thereupon the (95) plaintiff appealed to this Court.
We think that, for the reasons given by the judge below, the rule for a new trial should be discharged.
PER CURIAM. No error.
Cited: Skinner v. White, 18 N.C. 474; Wall v. Hoskins, 27 N.C. 179;Stokes v. Arey, 53 N.C. 68; McKee v. Wilson, 87 N.C. 303.